Chris Johansen
Attorney at Law
308 G Street, Suite 211
Anchorage, Alaska 99501
Phone (907)274-1121
Fax (907)272-2251

Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re:<br><br>Shaubach, John A. and<br>Sarha C. Shaubach,<br><br>Debtor(s). | Case No. 12-00487<br><br>Chapter 13 |
| Shaubach, John A. and<br>Sarha C. Shaubach,<br><br>Plaintiffs,<br><br>VS.<br><br>U.S. Bank National Association<br>As Trustee for J.P. Mortgage<br>Acquisition Trust 2006-NC2, Asset<br>Backed Pass Through Certificates,<br>Series 2006 NC2, J.P. Morgan Chase<br>Bank, GMAC Mortgage LLC,<br>Specialized Loan Servicing LLC,<br>Defendants. | Adversary #_____ |

COMPLAINT FOR DECLARATORY RELIEF AND TO DETERMINE EXTENT OF SECURITY INTERESTS BANKRUPTCY RULE 7001(2)

COMES NOW the Plaintiffs, by and through their attorney, Chris Johansen, and alleges as follows:

COMMON ALLEGATIONS

1.  Plaintiffs are residents of the State of Alaska at 3122 Kalmbach Lake Drive in Wasilla, Alaska, Chapter 13 debtors in the above proceeding, and owners and current residents of the estate property, more particularly

described as:

[Lot 1, Block 1, Beverly Creek Estates, according to Plat No. 2002-47, located in the Palmer Recording District, Third Judicial District, State of Alaska.]

2. U.S. Bank National Association, as Trustee for J.P. Mortgage Acquisition Trust 2006-NC2, Asset Backed Pass-Through Certificates, Series 2006-NC2 has by Assignment of Deed of Trust recorded in the Palmer Recording District State of Alaska on or about April 18, 2012 under registration number 2012-007674-0, a beneficial interest in a purchase money deed of trust in the above described property. The aforementioned is a national banking concern doing business in the State of Alaska. This Defendant is hereinafter referred to as "JP Morgan Chase Bank". A foreclosure on this deed of trust was scheduled for August 9th, 2012, and stayed on August 8th, 2012 Chapter 13.

3. Defendant, GMAC Mortgage LLC at one time held a deed of trust believed to be in second position on the aforementioned estate property. On information and belief, GMAC Mortgage LLC gave notice in the debtors' prior Chapter 13 of transferring the claim, other than for security, to Specialized Loan Servicing LLC. If GMAC retained the security but transferred the servicing, GMAC Mortgage LLC and its subsequent assignees are holders of the security

interest. The allegations in Count II refer to GMAC Mortgage LLC and Specialized Loan Servicing LLC as "GMAC". GMAC is a national banking concern doing business in the State of Alaska and is believed to hold the beneficial interest in a second deed of trust in the above-described property in the approximate amount of $0. No foreclosure proceeding is known to have commenced on this security interest.

    4. This Court has core subject matter jurisdiction to avoid and determine the extent of the Defendants' security interests in estate property. 28 U.S.C. sec. 1334(a); 28 U.S.C. sec. 157(b)(1)(k); 11 U.S.C. sec. 1322(b)(2); 11 U.S.C. sec. 506(d); 11 U.S.C. sec. 1325(a)(B)(ii); Bankruptcy Rule 7001(2); Bankruptcy Rule 3012.

    5. The fair market value of the estate property on the date of the petition is scheduled under oath by the debtors at $169,000.00, more or less.

### COUNT I

    6. Plaintiff incorporates all other allegations in this complaint.

    7. Plaintiff alleges that the estate property described above is encumbered by a nonresidential security interest held by JP Morgan Chase Bank and unprotected by 11 U.S.C. sec. 1322(b)(2). If so, this Court can value the

security interest here, or if it wishes, in the main case. Plaintiff's position is the value of the security interest held by JP Morgan Chase Bank is at or about $169,000.00 The Chapter 13 plan proposes to pay the claim as modified over five years.

8. The grounds for leaving the sec. 1322(b)(2) safe harbor is that the Deed of Trust terminated the protection of sec. 1322(b)(2) one year after the transaction date by its express terms which were a knowing and consensual waiver of its safe harbor protections under sec. 1322(b)(2). The Deed of Trust at item 6 page 7 provides:

9. "Occupancy." "Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrowers principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond the Borrower's control."

10. Plaintiff's position is that the Deed of Trust, as an adhesion contract, expressly limited sec. 1322(b)(2) protection to this security interest for one year, with subsequent residential use of the estate

property being immaterial.

## COUNT II

11. Plaintiff incorporates all other allegations in this complaint.

12. GMAC Mortgage LLC, (GMAC) has a security interest believed to be in second position in estate property that is wholly unsecured.

$169,000.00 (FMV) -- $226,486.00

(estimated balance on JP Morgan DOT) = $57,486.00

(negative equity, wholly unsecured)

13. This Court can determine the extent and priority of liens and, if appropriate avoid them here. Bankruptcy Rule 7001(2), Bankruptcy Rule 3012, 11 U.S.C. sec. 506(d), 11 U.S.C> sec. 1322(b)(2), 11 U.S.C. sec. 1325(a)(B)(ii). GMAC is wholly unsecured and allowed as an unsecured claim.

WHEREFORE, the Plaintiff prays as follows:

1. For final judgment that the value of JP Morgan Chase Bank's mortgage claim is in the amount of $169,000.00, with the balance as an unsecured claim.

2. For final judgment that the claim of GMAC Mortgage LLC is wholly unsecured and allowed as an unsecured claim.

3. For an award of costs in the maintenance of this action.

      4.    For any other and further relief deemed just and equitable by this Court.

      DATED this 10th    day of August, 2012.

*(signature)*
Chris Johansen
Attorney for Plaintiff
ABA #7811106

I certify that on this
10th day of August, 2012,
A true and correct copy
of the Foregoing
Was served on

-Richard Ullstrom
By ECF notice

-John & Sarha Shaubach
By first class mail.

By: /s/Gina Knight
Law office of Chris Johansen