Chris Johansen
Attorney at Law
308 G Street, Suite 211
Anchorage, Alaska 99501
Phone (907)274-1121
Fax (907)272-2251

Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| In re:<br><br>Shaubach, John A. and<br>Sarha C. Shaubach,<br><br>Debtor(s). | Case No. 12-00487<br><br>Chapter 13 |
| Shaubach, John A. and<br>Sarha C. Shaubach,<br><br>Plaintiffs,<br><br>VS.<br><br>U.S. Bank National Association<br>As Trustee for J.P. Mortgage<br>Acquisition Trust 2006-NC2, Asset<br>Backed Pass Through Certificates,<br>Series 2006 NC2, J.P. Morgan Chase<br>Bank, GMAC Mortgage LLC,<br>Specialized Loan Servicing LLC,<br><br>Defendants. | Adversary #12-90019 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

INTRODUCTION

Count I seeks declaratory relief in the first instance that a purchase money deed of trust signed on April 28, 2006 and placed in first position on Debtor/Plaintiff's residence is not protected from modification under 11 U.S.C. sec. 1322(b)(2). The

Plaintiff's position is the deed of trust is only secured by the value of their current home.

## UNDISPUTED FACTS

The home's value is disputed. Plaintiff's scheduled home value is $169,000.00. The scheduled U.S. Bank first deed of trust is $226,486.00, the negative equity is $57,486.00

It is undisputed (DE # 5, Amended Answer at 8 & 9) the deed of trust executed on April 28, 2006 by John A. Shaubach provides:

> 6. "Occupancy" Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrowers principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Exhibit A, Deed of Trust at 7 para. 6.

## LEGAL AUTHORITIES

1. <u>The terms of the Deed of Trust Waived or Eliminated U.S. Bank's Protection under 11 U.S.C. sec. 1322(b)(2).</u>

In a case arising from the District of Oregon, the BAP 9th Circuit Panel (Pappas, Jury, Clarkson) held that the petition date (Shaubach's petition date August 8, 2012), and not the earlier transaction date (Shaubach signed the DOT on Aril 28, 2012) was "the appropriate date for determining whether a claim is secured by a debtor's

principal residence for purposes of sec. 1322(b)(2). "In re Beneful, 461 B.R. 581 (BAP 9th Cir 2011). This ruling reversed on de novo review Judge Alley's holding the earlier transaction date was controlling. Also See In re Abadekgadir, 455 B.R. 896, 898, (9th Cir. BAP 2011), appeal pending; In re Roemer, 421 B.R. 23 (Bankruptcy D.D.C 2009) cited in dicta in Beneful is very close to the Shaubach's position. There, the purchase money deed of trust provided the identical provisions as the Shaubach deed of trust. It provided:

> BORROWER shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as the Borrower's principal residence for at least one year after the date of the occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. (original emphasis). Roemer at 24.

Citing to Third Circuit cases that "the focus must be on the grant in the mortgage instrument," Roemer at 26, Judge Teel reasoned:

> Here, the deed of trust contains a provision that only required the debtor to occupy the property as her principal residence for one year. When the bank inserted this provision, it limited its anti-modification protection to, at most, one year (and arguably was not entitled to anti-modification protection at all). Its mortgage at the outset a mortgage in the debtor's principal residence for one year and a mortgage during the remainder of the mortgage term in property that permissibly could cease to be the debtor's principal residence. Consequently, even if testing sec. 1322(b)(2) as of the origination date were to control, the mortgage here had, as of the

origination date, a temporal component to it that limited the duration of its being a mortgage secured by the debtor's principal residence.

Also "U.S. Bank cannot now come before the court and demand more than that for which it bargained--namely, anti-modification protection for only one year." Id.

Here, U.S. Bank relies upon the terms of its deed of trust on the Shaubach's residence and cannot pick and choose provisions that may favor or disfavor anti-modification protection under sec. 1322(b)(2). Clearly, this case and others that have considered the same or similar language clearly hold that the safe harbor under sec. 1322(b)(2) can be written away with provisions that require residential use within one year, but no longer.

Therefore, we ask for a declaration Plaintiff can modify U.S. Banks's first deed of trust.

DATED this 27th day of November, 2012.

Chris Johansen
Attorney for Plaintiffs

I certify that on this
27th day of November, 2012,
A true and correct copy of the
Foregoing
Was served on
-Larry Compton
-Richard Ullstrom

By ECF notice
-Mr. & Mrs. Shaubach

By first class mail.
By: [signature]

Law office of Chris Johansen